DAVID BRIGGS *v.* JOHN W. SMITH & another.

A court of equity will not interfere to disturb a judgment at law by default, upwards of twenty years old, and an execution title to real estate, vested under it, on the ground that the judgment was obtained without notice, upon a writ attaching the defendant's real estate when he was open and at large within the state, and without his knowledge until about seventeen years before the filing of his bill for relief; the sole excuse for the delay to proceed being, that the complainant had no evidence of the facts upon which he relied for relief until the passage of the recent statute enabling parties to be witnesses for themselves in civil cases; and the purchaser under the execution having, in the mean time, built upon and improved the estate.

BILL IN EQUITY, to set aside a judgment by default, in *assumpsit,* obtained against the complainant at the May term of the court of common pleas for the county of Providence, 1837, for company fines, by the Independent Company of Cadets, a chartered military company, of which the complainant had been a member. The bill, which was filed against the National Cadets, as successors of the Independent Company of Cadets, long since extinct, and the defendant, Smith, prayed, also, for a trial in said action; and that Smith might be enjoined from setting up, at law, a sheriff's deed of a lot of land in Fountain Street, Providence, received by him as purchaser of said lot, under a levy and sale made of the same by virtue of the execution issued on said judgment. The grounds of relief were, that the fines were not due, and that the writ in the above action was served by attaching the aforesaid lot of

the complainant when he was open and at large within the state, and that the complainant had no notice of the suit, judgment, levy, or sale, until some time in 1840; up to which time, as the lot was vacant, he had paid taxes on the same. The levy was made on the 29th day of November, 1837, and the sale to Smith took place on the 2d day of March, 1838; since which time, he had built upon and improved the lot, which had greatly increased in value. At the March term of the supreme court for the county of Providence, 1857, the complainant sued Smith, in ejectment, to recover possession of the lot, and, the sheriff's deed being produced by Smith in defence, on the 13th day of May, 1857, filed this bill in aid of the suit in ejectment. The excuse set up in the bill, for not proceeding before, was, that after consulting counsel as early as May, 1840, he could find no witness to the fact, that he was within the state at the time of the attachment of his lot in the above suit, without which, he was advised that it was useless to proceed; and that it was not until 1857, when the statute was enacted enabling parties to be witnesses, that he could, as now by his own testimony, prove that fact.

*Cozzens*, for the complainant :—

I. A court of equity will grant a perpetual injunction against, and will set aside a judgment or execution obtained at law through accident or mistake, in a proper case ; and, if needful, will grant a new trial in such case, and especially, a trial, if there has been no trial, where the party has been guilty of no culpable laches. See the numerous cases cited in U. S. Eq. Dig. 125, § 138, such as *Emerson* v. *Udell*, 13 Verm. 183; *Mc Vickar* v. *Walcott*, 4 Johns. R. 532; *Gott* v. *Wilson*, 6 Gill & J. 312; *Andrews* v. *Fenter*, 1 Pike, (Ark.) 186; *Bentley* v. *Dillard*, 1 Eng. (Ark.) 79; *Price* v. *Railroad Bank*, 7 Humph. 39, 42; *French* v. *Garner*, 7 Port. 549; *Mock* v. *Cundiff*, 6 Ib. 24, and many other cases there cited. Also, *Essex* v. *Barry*, 2 Verm. 161; *Faulkner* v. *Harwood*, 6 Rand. 125; *Thomas* v. *Kuhn*, 4 Call, 274; *Faltz* v. *Paurie*, 2 Desaus. 40; *Lucas* v. *Bank of Darien*, 2 Stew. 280; *Hill* v. *McNeil*, 8 Port. 432; *Davis* v. *Tileston*, 6 How. 114; *Hendrickson* v. *Hinckley*, 17 Ib. 443; *Sample* v. *Barnes*, 14 Ib. 70; *Creath's*

*Adm'r* v. *Sims*, 5 Ib. 192 ; *Truly* v. *Wanzer*, 15 Ib. 141 ; *Walker* v. *Robbins*, 14 Ib. 584 ; *Marine Ins. Co.* v. *Hodgson*, 7 Cranch, 332 ; *Le Guen* v. *Gouverneur*, 1 Johns. Cas. 436 ; *Lansing* v. *Eddy*, 1 Johns. Ch. 50 ; *Barker* v. *Elkins. & Simson*, Ib. 465 ; *Burton* v. *Perkins*, 26 Verm. 430 ; *Taylor* v. *Tulton*, 15 Geo. 103 ; 2 Story, Eq. Jurisp. 887, and many cases cited ; *Bateman* v. *Willoe*, 1 Sch. & Lef. 204 ; *Jones* v. *Woodhull*, 1 Root, 298 ; *Doty* v. *Whittlesey*, Ib. 310 ; *Gay* v. *Adams*, Ib. 105 ; *De Groff-enreid* v. *Donald*, 2 Hen. & Munf. 10 ; *Kincaid* v. *Cunningham*, 2 Munf. 1 ; *The Auditor* v. *Nicholas*, Ib. 31 ; *Saunders* v. *Jennings*, 2 J. J. Marsh. 513 ; *Jones* v. *Commercial Bank of Columbus*, 5 How. (Miss.) 43 ; *Armstrong* v. *Thompson*, 3 Hayw. 127 ; *Knifong* v. *Hendricks*, 2 Gratt. 212 ; *Ford* v. *Ford*, 5 Walk. (Miss.) 505 ; *Joslin* v. *Coffin*, 5 How. (Miss.) 539 ; *Henning* v. *Winan*, 1 S. & M. Ch. 466 ; *Blount* v. *Green*, 3 Hayw. 88 ; *Hunt* v. *Boyee*, 1 J. J. Marsh. 484 ; *Cummins* v. *Kennedy*, 4 Ib. 642 ; *Colger* v. *Langford*, 1 A. K. Marsh. 237 ; *Deputy* v. *Tobias*, 1 Blackf. 311 ; *Iglehart* v. *Mayer*, 4 Geo. 514 ; *Walker* v. *Gilbert*, 1 Freem. Ch. (Miss.) R. 85 ; *Farriday* v. *Selier*, Ib. 258.

II. A court of equity will grant a new trial, in an action at law, in a proper case, for evidence discovered after the trial, or where the party had no opportunity to present the evidence at the trial, and he has been guilty of no culpable laches, and the time has passed when a court of law could give relief. See *Jarvis* v. *Chandler*, 1 Turn. & Russ. 31 ; S. C. 11 Eng. Cond. Ch. R. 176 ; *Mosby* v. *Leeds*, 3 Call, 439 ; *Winthrop* v. *Lane*, 3 Desaus. 310 ; *Alley* v. *Ledbetter*, 1 Dev. Ch. 449 ; *Canty* v. *Blair*, 1 Rich. Ch. 41 ; *Gott* v. *Wilson*, 6 Gill & J. 309 ; *Lee & Norton* v. *Ins. Bank of Columbus*, 2 Alab. 1 ; *Foster* v. *Wood*, 6 Johns. Ch. 87 ; *Kinney* v. *Ogden*, 2 Green, Ch. 168 ; *Welch* v. *Nasboe*, 8 Texas, 189 ; *Den* v. *Wintermote*, 1 Green, Law, R. 177.

III. Irrespective of the rules and principles which govern the court in relation to new trials, the plaintiff claims, that the proceedings in the action at law ought, upon the general principles of equity, to be set aside, as having been obtained through accident or mistake, and such bad faith as savors of fraud ; and, as to the lapse of time, as the case relates to real estate, it is

sufficient that the plaintiff comes before he is barred by the statute of possessions.

*Wm. H. Potter*, for the respondents, was stopped by the court.

BOSWORTH, J. The bill, in this case, seeks to have a judgment of court set aside, which was rendered against the plaintiff, in favor of the Independent Company of Cadets; it also asks to have a new trial granted in the case; and that the defendant may be enjoined from setting up said judgment and the proceedings on which it is founded, and a sheriff's deed of a lot of land levied upon and sold to satisfy the judgment, in defence to an action at law, brought by the plaintiff on the law side of the court, to recover possession of the land so levied upon and sold. The judgment was rendered in the court of common pleas, in an action brought by the said cadet company, for the recovery of certain fines and assessments, in the year 1836. Judgment was rendered by default in the year 1837. Execution issued and the land was levied upon and sold; and the sheriff's deed bears date, March 2, 1838. The material allegations of the bill are, that the judgment was the result of accident and mistake; that the plaintiff in this bill, against whom the judgment was rendered, had ceased to be a member of the cadet company, and was not liable for the fines and assessments; that the suit was commenced by a pretended attachment of the real estate in question, the officer making a false return upon the writ that the defendant was not to be found, when, in truth, the defendant in the suit, and now plaintiff in this bill, was, at the time, at large within the state.

The manifest objection to the bill is the great lapse of time since the judgment sought to be set aside was rendered. The laches of the complainant strikes us as an insuperable objection. The officer whose return on the writ of attachment is alleged to be fraudulent, is dead. The cadet company, in whose favor the suit was brought, has ceased its organization. The whole matter has been suffered to sleep for seventeen years after the alleged discovery of the accident or mistake. In the mean time the estate has been conveyed, and expensive improvements upon it are alleged to have been made. After such a lapse of

time a court of equity ought not to disturb a title thus acquired, unless upon some sufficient equitable excuse for the delay. The only reason offered in the bill in excuse for the delay, is, that until the recent statute making the oath of parties competent testimony in civil cases, the complainant was unable to prove the allegation in the bill, that the officer's return was false. This may be a good reason for not *bringing* a petition for a new trial; but if cases are to be *opened* for such a cause, we see no end to the litigation which might thus be caused.

There is no doctrine of equity better established, than that the courts, for the peace of society, ought to discourage antiquated demands, by refusing to interfere where there has been gross laches in prosecuting rights, or long and unreasonable acquiescence in the assertion of adverse rights. 2 Story, Eq. § 1520. The complainant might have prosecuted his petition for a new trial fifteen years ago, if he had confidence that he could sustain his claim. Under such circumstances,—he having slept upon his alleged rights for so long a period, and suffered the purchaser of the estate to remain in possession, making expensive improvements,—it appears to us highly inequitable for the court, at this late period, to interfere. In any event, we should hesitate to set aside the judgment upon the evidence of the party alone as to a fact, in which he contradicts the return of an officer, made under oath twenty years ago, that officer being now dead.

*The bill must be dismissed with costs.*